## ALPHEUS CURRIER *vs.* WILLIAM HALE.

In an action on a note that is made payable absolutely, evidence is not admissible to prove an oral agreement, when the note was made, that it should remain in the payee's hands, to be paid out of certain moneys which he expected to receive for the maker, and not otherwise.

CONTRACT upon a promissory note signed by the defendant and payable to the plaintiff or order.

At the second trial in the superior court, before *Vose*, J., after the decision reported in 5 Allen, 561, it appeared that the parties were partners in certain transactions in real estate; that in January 1856 they met to settle them, up to that time, and a balance was found due to the defendant; and that the plaintiff thereupon introduced a private claim against the defendant, which after some discussion was allowed, and the note in suit was given for the balance thus found due to the plaintiff. The defendant then offered to prove, by his own testimony, that at the time the note was given the plaintiff agreed that it should remain in his hands as a part of the partnership account, to be paid by any balance which might afterwards be due to the defendant from moneys received by the plaintiff for the firm ; but the judge rejected the evidence, and ordered a verdict for the plaintiff. The defendant alleged exceptions.

*W. C. Endicott*, for the defendant.

*H. Carter*, for the plaintiff, was not called upon.

DEWEY, J. The court properly ruled that it was not competent to prove by parol evidence such an agreement as to the note as was proposed, and that the defence relied upon could not avail the defendant. Of the numerous authorities that might be cited to sustain such ruling, those of *St. Louis Ins. Co.* v. *Homer*, 9 Met. 39, *Adams* v. *Wilson*, 12 Met. 138, and *Tower* v. *Richardson*, 6 Allen, 351, may be referred to as especially in point. *Exceptions overruled.*